UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MALIK MCLEOD,

                              Plaintiff,

   -against-

YAHAIRA LLANO, JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
----------------------------------------------------------------------X

*COMPLAINT AND JURY DEMAND*

ECF CASE

Docket No.
17-CV-6062

     Plaintiff Malik McLeod, by his attorney Cary London, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

    1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

    2. The claim arises from an April 13, 2015 incident in which defendants, acting under color of state law, unlawfully used excessive force on Plaintiff, while other Defendants unlawfully failed to intervene in that use of excessive force.

    3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

    4. This action arises under the Fourth and Fourteenth Amendments to the United States

Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Malik McLeod ("Mr. McLeod") resided at all times in Kings County, in the City and State of New York.

8. Defendant Yahaira Llano ("Llano") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Llano was, at the time relevant herein, a Police Officer under Shield # 8492 in the 75th Precinct. Defendant Llano is sued in her individual capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On April 13, 2015, at approximately 1:25 a.m., Mr. McLeod was lawfully and innocently present at 272 Pennsylvania Avenue in Brooklyn, New York.

13. Defendants Llano and John Doe 1, approached Plaintiff on the street.

14. Defendants Llano and John Doe 1, ordered the Plaintiff to produce identification.

15. Mr. DeLeon respectfully complied with the defendants' requests, and attempted to retrieve his identification from his pocket.

16. Defendant Llano then grabbed Plaintiff by the shoulder, and closed fist punched Plaintiff in the face, causing substantial physical pain and bruising to Plaintiffs' face.

17. At no point did the defendants observe Plaintiff put his hands on them.

18. Defendant John Doe 1 failed to intervene in the excessive force used by Defendant Llano.

19. Thereafter, defendants, including Llano, then grabbed Mr. McLeod, and placed him in handcuffs.

20. Mr. McLeod did not resist arrest.

21. Thereafter, defendants, including Llano, began to search Mr. McLeod without his permission or authority.

22. No contraband or anything of illegality was found on Mr. McLeod.

23. Eventually, Mr. McLeod was transported to central bookings in the Bronx.

24. In arraignments, Plaintiff plead guilty to the violation of Disorderly Conduct, P.L. 240.20.

25. During all of the events described, the individual defendants, including Llano, acted maliciously and with intent to injure Plaintiff.

26. At all times relevant hereto, defendants, including Llano, were involved in the decision to use excessive force or failed to intervene in the actions of their fellow officers when they

observed them using excessive force on Plaintiff.

27. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and harm to reputation.

**FIRST CAUSE OF ACTION**
Excessive Force Under
42 U.S.C. § 1983

28. The above paragraphs are here incorporated by reference as though fully set forth.

29. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

31. The above paragraphs are here incorporated by reference as though fully set forth.

32. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

33. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;
- b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;
- d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
- e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 17, 2017
Brooklyn, New York

Respectfully submitted,

　　　/s/ Cary London, Esq.　　　
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. McLeod
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com