UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

MALIK MCLEOD,

                                Plaintiff,

        -against-

YAHAIRA LLANO, JEAN PRINSTON, MADHU
SHIBU, CITY OF NEW YORK, and JOHN AND
JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                                Defendants

                      -and-

YAHAIRA LLANO Defendant/Third-Party
Plaintiff,

        -against-

THE CITY OF NEW YORK Third-Party Defendant.

--------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

17 CV 6062 (ARR) (SMG)

       **WHEREAS**, the parties intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem or may deem to be confidential, private, subject to an applicable privilege, or otherwise inappropriate for public disclosure;

       **WHEREAS**, the parties object to the production of those documents unless appropriate protection for their confidentiality is assured;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties as follows:

1. This Matter shall mean <u>Malik McLeod v. Yaharia Llano, et al.</u>, 17 CV 6062 (ARR) (SMG).

2. As used herein, without waiving any objections the parties might seek to interpose regarding production of these documents, "Confidential Materials" shall mean:

    (A) Employment/personnel related records for the individual Defendants, including performance evaluations;

    (B) Any other disciplinary histories or other records from Civilian Complaint Review Board, Internal Affairs Bureau, other New York City Police Department divisions or any other governmental agency for the individual Defendants;

    (C) Full names and contact information of non-party individuals and/or witnesses;

    (D) Any video taken with a New York City Police Department issued camera or by a member of New York City Police Department;

    (E) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the the parties or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by a party from non-party sources, or (b) are otherwise publicly available.

4. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving

Party" shall mean any party who is not the "Producing Party," as defined herein for that document or information.

5. A Producing Party shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to a Receiving Party.

6. A Receiving Party shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

7. Any documents produced by a non-party pursuant to a subpoena in this Matter and that are designated as Confidential Materials by the parties shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

8. The parties reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to a Receiving Party.

9. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of a Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

10. If a party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the designating party, and the parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved, then, within fifteen (15) days of receiving the response to the objection to the

material's classification as confidential, the objecting party shall seek judicial intervention. Any such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

11. Confidential Materials may not be used for any purpose other than for the preparation or presentation of this Matter.

12. A Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this Matter, to those individuals described in the subparagraphs below.

   b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the disclosing party shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

13. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

14. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

15. Where the confidential information is not material to issues addressed in court submissions and the Producing Party agrees in writing that the redaction of personal, confidential, and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

16. Within 30 days after the termination of this Matter, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to the Producing Party or, upon the Producing Party's consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the Producing Party. Notwithstanding this provision, attorneys may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such

copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

17. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner.

18. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by any Receiving Party, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

19. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20. The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Matter and their counsel.

JOHN PAUL DEVERNA
*Attorney for Plaintiff*
DeVerna Law
305 Broadway, 14th floor
New York, New York 10007

By: _____
John Paul DeVerna, Esq.

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Villanueva, O'Connor, Rodriguez, and Marcantonio*
100 Church Street, Rm. 3-201
New York, New York 10007

By: _____
Geoffrey M. Stannard, Esq.

DOUGLAS LABARBERA
*Attorney for Defendant Llano*
Worth, Longworth and London LLP
111 John Street
Suite 640
New York, New York 10038

By: _____
Douglas LaBarbera, Esq.

SO ORDERED:

_____
HON. STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE

Dated: _____, 2018

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____ 2018, entered into the Matter entitled <u>Malik McLeod v. Yaharia Llano, et al.</u>, 17 CV 6062 (ARR) (SMG), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____         Signature: _____

 

Print Name: _____

 

Occupation: _____