UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MALIK MCLEOD,

                              Plaintiff

     -against-                                       ECF CASE

YAHAIRA LLANO, JEAN PRINSTON, MADHU      Docket No.
SHIBU, CITY OF NEW YORK, and JOHN AND JANE  17-CV-6062
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                              Defendants

     -and-

YAHAIRA LLANO Defendant/Third-Party Plaintiff,

     -against-

THE CITY OF NEW YORK Third-Party Defendant.

-------------------------------------------------------------------X

**PLAINTIFF'S MOTIONS *IN LIMINE***

i

## TABLE OF CONTENTS

|  |  | PAGE NO. |
|---|---|---|

TABLE OF AUTHORITIES ..................................................................................................iii

I. EVIDENCE OF PLAINTIFF'S PRIOR CONTACTS WITH LAW ENFORCEMENT SHOULD BE EXCLUDED..................................................................................................1

    A.    Background ....................................................................................................1

    B.    Evidence of Mr. McLeod's Prior Arrests Should be Excluded ................................ 2

    C.    Evidence of Any Warrant Should be Excluded .........................................................3

    D.    Conclusion ....................................................................................................3

II. EVIDENCE OF "SEVERAL RECENT CAR BREAK-INS" IS PREJUDICIAL .................4

III. RELEVANT PORTIONS OF THE PATROL GUIDE SHOULD BE ADMITTED..............4

IV. PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE THE INVESTIGATIVE FINDINGS OF THE CCRB ....................................................................................................5

    A.    Background ....................................................................................................5

    B.    The CCRB Finding Should Be Admitted ................................................................. 5

    C.    Conclusion ....................................................................................................5

V. DEFENDANT SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE OF AWARDS/COMMENDATIONS OF THE DEFENDANT OR OTHER NON-PARTY WITNESS ......................................................................................................................6

    A.    Background ....................................................................................................6

    B.    FRE and Case Law support precluding such evidence............................................6

    C.    Conclusion ....................................................................................................7

VI. DEFENDANT SHOULD BE PERMITTED TO EXAMINE DEFENDANT LLANO AND PO PRINSTON, WHO IS A NON-PARTY WITNESS, THROUGH THE USE OF LEADING QUESTIONS..................................................................................7

    A.    Background ....................................................................................................7

    B.    FRE and Case Law support precluding such evidence............................................7

      C.     Conclusion ................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Bixby v. KBR, Inc.*,
 09-CV-632, 2012 U.S. Dist. LEXIS 143807, *11 (D. Or. Oct. 4, 2012) ................................ 9

*Chonich v. Wayne County Community College,*
 874 F.2d 359, 368 (6th Cir. 1989) ........................................................................................ 9

*Hill v. City of New York*,
 03-CV-1283(ARR), 2005 WL 3591719, at *4 n.1 (E.D.N.Y. Dec. 30, 2005) ...................... 5

*Michelson v. United States*,
 335 U.S. 469 (1948) .............................................................................................................. 2

*Smith v. Freland*,
 954 F.2d 343, 347 (6th Cir. 1992)) ................................................................................... 2, 4

*Stephen v. Hanley*,
 No. 03 Civ. 6226, 2009 WL 1471180, at *8 (E.D.N.Y. May 21, 2009) ............................... 2

*United States v. Edwards*,
 156 F. App'x 954 (9th Cir. 2005) .......................................................................................... 2

*United States v. Hicks*,
 748 F.2d 854, 859 (4th Cir. 1984)) ..................................................................................... 10

*United States v. Nazzaro*
 889 F.2d 1158, 1168 (1st Cir. 1989) ..................................................................................... 7

*United States v. Washington*,
 106 F.3d 983, 999 (D.C. Cir. 1997) ...................................................................................... 7

*Williams v. McCarthy*,
 05-CV-10230 (SAS), 2007WL 3125314, *5 (S.D.N.Y. Oct 25, 2007954) ........................... 5

**Rules & Statutes**

42 U.S.C. § 1983 ................................................................................................................... passim
Fed. R. Evid. 104 .......................................................................................................................... 6
Fed. R. Evid. 401 ................................................................................................................... 2,3, 6
Fed. R. Evid. 402 .......................................................................................................................... 1
Fed. R. Evid. 403 ................................................................................................................. passim

Fed. R. Evid. 404 .................................................................................................................. 1, 2, 6, 7
Fed. R. Evid. 405 .................................................................................................................. 7
Fed. R. Evid. 608 .................................................................................................................. 2
Fed. R. Evid. 609 .................................................................................................................. 2
Fed. R. Evid. 611 .................................................................................................................. 7

N.Y. Penal Law §70 ............................................................................................................. 3
N.Y. Penal Law §170.65 ...................................................................................................... 1

**Publications**

*Weinstein's Federal Evidence* ............................................................................................. 8

Plaintiff Malik McLeod respectfully submits the following motions *in limine* in advance of trial.

I. **EVIDENCE OF PLAINTIFF'S PRIOR CONTACTS WITH LAW ENFORCEMENT SHOULD BE EXCLUDED**

Evidence concerning Plaintiff's prior arrests and warrant status should be excluded under Fed. R. Evid. 402, 403, and 404 because it is irrelevant, inadmissible, and prejudicial.

    A. **Background**

Mr. McLeod has no criminal convictions. As of the incident date, Mr. McLeod appears to have had four contacts with law enforcement resulting in either a ticket being issued or his arrest. The discovery reveals: (1) an April 29, 2011 ticket for Disorderly Conduct (N.Y. Penal Law §240.20(2)) bearing Summons All Purpose number 4330586320, later docketed as 2011SK060610; (2) a September 25, 2013 arrest for Intent to Obtain Transportation Without Paying (N.Y. Penal Law §165.15(3)) with arrest number K13686386, docketed number unknown; (3) a January 7, 2014 arrest for Intent to Obtain Transportation Without Paying (N.Y. Penal Law §165.15(3)) with arrest number K14601600, later docketed as 2014KN016802; and (4) a February 6, 2015 arrest for Intent to Obtain Transportation Without Paying (N.Y. Penal Law §165.15(3)) with arrest number K15608324, later docketed as 2015KN007111. Based on information and belief, each of these arrests were resolved with an Adjournment in Contemplation of Dismissal (N.Y. Penal Law §170.65).

According to Court records Plaintiff's third arrest 2014KN016802 appears to have been resolved on February 7, 2015 in court part AP4 before Judge Calabarese with Adjournment in Contemplation of Dismissal. See P00329. Despite a resolution of Plaintiff's third arrest,

1

NYPD records purported to show Plaintiff had an active warrant on this matters when Plaintiff was arrested on April 13, 2015.  Additionally, since Plaintiff's April 29, 2011 ticket and the warrant issued for same on July 7, 2011, discovery demonstrate Plaintiff had multiple court appearances which did not suggest nor reveal any open warrant.

### B. Evidence of Mr. McLeod's Prior Arrests Should be Excluded

The Court should preclude Defendants from introducing evidence of Mr. McLeod's prior contacts with law enforcement. These convictions are irrelevant to Defendants' liability, unduly prejudicial under Federal Rule of Evidence 403, and inadmissible under Federal Rules of Evidence 404, 608, and 609.

Evidence concerning Mr. McLeod's prior arrests is inadmissible.  "Arrest without more does not . . . impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty.  Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson v. United States*, 335 U.S. 469, 482 (1948); *see also, e.g.*, *Stephen v. Hanley*, No. 03 Civ. 6226, 2009 WL 1471180, at *8 (E.D.N.Y. May 21, 2009) (finding that evidence of § 1983 plaintiff's prior arrests and unproven charges was inadmissible for impeachment purposes).  Moreover, because Mr. McLeod resolved such matters with an Adjournment in Contemplation of Dismissal which does not require any proof of wrongdoing, there admission would not be "probative of [his] character for truthfulness," and are thus inadmissible under Fed. R. Evid. 609 and 608(b). *See United States v. Edwards*, 156 F. App'x 954, 956 (9th Cir. 2005)

Finally, evidence concerning Mr. McLeod's arrests for fair evasion is inadmissible. First, such evidence does not have "any tendency to make a fact more or less probable." Fed. R. Evid. 401. Second, given that it is irrelevant to Defendant Llano's liability, the facially prejudicial nature of the convictions far outweighs their probative value. *See* Fed.

2

R. Evid. 403. Finally, fair evasion is not "punishable by death or by imprisonment of more than one year." N.Y. Penal Law § 70.

    **C.**    **Evidence of Any Warrant Should be Excluded**

The Court should preclude Defendant from introducing evidence that Mr. McLeod had any open warrant related to dockets 2011SK060610 and 2014KN016802 when he was arrested on April 13, 2015. With regards to the warrant associated with docket 2014KN016802, it appears that warrant was ordered/not corrected in error. With regards to the July 7, 2011 warrant associated with docket 2011SK060610, it would be a step to far for the Defendant to suggest Mr. McLeod's behavior on April 13, 2015 was influenced by a warrant issued four years prior when he had subsequent contacts with the criminal justice system suggested he had no knowledge of an active warrant.

There is no false arrest claim in this action. Mr. McLeod's warrant status is irrelevant as to whether Defendant Llano exercised excessive force. Yet the defense, if allowed to introduce evidence of any open warrant(s) and suggest Mr. McLeod knew of their existence, would veer into a mini-trial on the Plaintiff's knowledge of a warrant. This side-trial would distract and confuse the jury, unnecessarily prolong the trial, and insert into the trial all manner of evidence irrelevant to the claims in the case. Any open-ended exploration into the warrant status of would not only be irrelevant under Fed. R. Evid. 401, it fails Fed. R. Evid. 403 as well.

    **D.**    **Conclusion**

Evidence concerning Plaintiff's prior arrests and warrant status should be excluded entirely from trial.

3

## II.  EVIDENCE OF "SEVERAL RECENT CAR BREAK-INS" IS PREJUDICIAL

Any claim that the "several car break ins" preceded Defendant Llano's encounter with Plaintiff would prejudice Mr. McLeod and mislead the jury. Such evidence would suggest to the jury that Defendants' violation of Mr. McLeod's constitutional rights may be excused due to a belief that, notwithstanding their misconduct, Defendants were justified in their behavior. In essence, it would encourage the jury to engage in an impermissible "ends justify the means" method of thinking, thereby confusing the issues and wasting the jury's time. Rule 403 was designed precisely to protect against these concerns, and as such, merits the exclusion of this type of claim or argument.

Moreover, Defendant's assertions are hearsay.  Her statements are based on conversations she had with individuals working at a nearby ambulance company.  In addition, to the lack of corroboration of any self-serving claim, the parking lot in which she encountered Mr. McLeod is private, and the ambulance company would not have their vehicles lawfully parked in the lot.

## III.  RELEVANT PORTIONS OF THE PATROL GUIDE SHOULD BE ADMITTED

The Court should permit the Plaintiff to introduce relevant portions of the Patrol Guide.  Plaintiff seeks to offer the following three sections of the Patrol Guide: (i) P.G. § 203-11 (Use of Force); (ii) P.G. § 212-11 (Stop and Frisk); (iii) P.G. § 203-08 (Making False Statements).

NYPD policies and procedures are relevant in determining how a reasonable NYPD officer would conduct himself under a given set of circumstances. *See, e.g.*, *Nnodimele*, 2016 WL 3561708.  Plaintiff should be permitted to elicit evidence concerning the policies and procedures set forth in the Patrol Guide because they inform, even though they do not determine, how a reasonable NYPD officer would have acted under the circumstances. *Smith v. Freland*, 954 F.2d

4

343, 347 (6th Cir. 1992)).[1]

### IV. PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE THE INVESTIGATIVE FINDINGS OF THE CCRB

#### A. Background

After a departmental trial, Defendant Llano was found to have violated the Use of Force Guidelines of the CCRB.

#### B. The CCRB Finding Should Be Admitted

The investigative findings of the CCRB are admissible pursuant to Rule 803(8)(C) of the Federal Rules of Evidence, which exempts from the hearsay rule all "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth...in civil actions...,factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." *See Williams v. McCarthy*, 05-CV-10230 (SAS), 2007WL 3125314, *5 (S.D.N.Y. Oct 25, 2007) (concluding that a CCRB report, which represented the factual findings of the investigation of plaintiff's complaint, was admissible as a public record under Rule 803(8)(C)) (citing *Hill v. City of New York*, 03-CV-1283(ARR), 2005 WL 3591719, at *4 n.1 (E.D.N.Y. Dec. 30, 2005)).

#### C. Conclusion

Accordingly, plaintiff respectfully requests that he be permitted to introduce the investigative findings of the CCRB.

---

[1] Plaintiff has no objection to an appropriate instruction that will make clear to the jury that the Patrol Guide is not dispositive of whether the encounter, arrest, and statements was reasonable.

5

## V. DEFENDANT SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE OF AWARDS/COMMENDATIONS OF THE DEFENDANT OR OTHER NON-PARTY WITNESS

### A. Background

In police misconduct trials, it is our understanding that defendants' counsel frequently attempt to elicit testimony from law enforcement officers, whether testifying as defendants or non-party witnesses, regarding awards and/or commendations that they have received throughout their career relating to acts of bravery, valor, etc. Accordingly, Plaintiff seeks an Order precluding the defendants from presenting such evidence in any form. For the reasons discussed in the accompanying memorandum of law, such testimony is irrelevant to any issue at trial, represents impermissible propensity evidence in violation of Rules 404(b) of the Federal Rules of Evidence, is inadmissible hearsay and otherwise unduly prejudicial.

### B. FRE and Case Law support precluding such evidence

Pursuant to Rules 104, 401, 403 and 404 of the Federal Rules of Evidence, Plaintiff seeks to preclude defendant from eliciting testimony or otherwise presenting documentary evidence of awards/commendations received by the defendant or any other non-party officer witnesses, during the course of their employment as law enforcement officers.

Whether the individual defendants or non-party law enforcement officers received commendations in the past has no relevance on whether Police Officer Llano used excessive force on Plaintiff. In fact, the sole purpose of presenting such testimony in police misconduct litigation is to convince the jury that the law enforcement officers are heroes who put their life on the line to protect the citizenry, and, as a result, more trustworthy. This purpose, however, constitutes impermissible propensity evidence. See Fed. R. Evid. 404(b). As mentioned, it is also

6

inadmissible hearsay, whose non-existent probative value is necessarily and substantially outweighed by its danger of unfair prejudice. See United States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir. 1989) (in criminal prosecution for conspiracy to commit mail fraud and perjury, among other things, appropriate to exclude evidence of commendations as impermissible opinion evidence and inadmissible hearsay). See also United States v. Washington, 106 F.3d 983, 999 (D.C. Cir. 1997) (commendations not admissible under Fed. R. Evid. 404(a)(l), 405(a) or 405(b)).

### C. Conclusion

Accordingly, plaintiff respectfully requests that accommodation and award should be precluded from presenting evidence of awards/commendations for Defendant or other non-party witness.

## VI. DEFENDANT SHOULD BE PERMITTED TO EXAMINE DEFENDANT LLANO AND PO PRINSTON, WHO IS A NON-PARTY WITNESS, THROUGH THE USE OF LEADING QUESTIONS

### A. Background

Defendant Llano is alleged to have used excessive force against Plaintiff. Her partner, Police Officer Prinston, who was originally a defendant to this action, was present during the encounter, provided statements inconsistent with the truth regarding this action. Accordingly, both Defendant Llano and Police Officer Prinston, are "witness[es] identified with an adverse party" within the meaning of the Federal Rules of Evidence. Accordingly, we request permission to conduct his examination through the use of leading questions, as authorized by Rule 61 l(c)(2) of the Federal Rules of Evidence.

### B. FRE and Case Law support precluding such evidence

Rule 611 of the Federal Rules of Evidence provides, in relevant part, as follows:

7

>   (c) Leading Questions. Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:
>
>>   (1) on cross-examination; and
>>   (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.
>
> By its terms, Rule 611 (c)(2) permits a party to examine "a hostile witness .. . or a witness identified with an adverse party" through the use of leading questions.

The Federal Rules of Evidence allow Plaintiff to use leading-questions during the examination of Defendant Llano. She, as the defendant in the claim, by definition is an adverse party. Accordingly leading questions should be permitted as to Defendant Llano. See Rule 611 (c)(2)

Additionally, leading questions should be permitted toward Police Officer Prinston. Both law and policy reasons support allowing Plaintiff to examine Police Officer Prinston through the use of leading questions. As Judge Weinstein has noted, historically, three reasons have been given in favor of requiring non-leading questions on direct examination:

> "First, that the witness is presumed to have a bias in favor of the party calling him; secondly, that the party calling a witness, knowing what that witness may prove, might by leading bring out only that portion of the witness' story favorable to his own case; and thirdly, that a witness, intending to be entirely fair and honest might assent to a leading question which did not express his real meaning." Weinstein's Federal Evidence § 611.06, at 4-611 (citation and footnote omitted).

None of these rationales apply to Police Officer Prinston, who was present during Plaintiff's encounter with Defendant Llano. We have every reason to believe that Police Officer Prinston will side with his fellow member of the Department just as he did during the departmental trial prior to him being prematurely excused from the witness stand and forcing the fact finder to rely upon his CCRB testimony. By way of example of his bias, while he was on the stand, in

8

addition to mispresenting their initial encounter, Police Officer Prinston was asked the following questions and gave the following responses:

> Q:  So Mr. McLeod says it's my mother's car. What happens next?
> A.  He said that's my mom car. And we asked him where your mom live. He says upstairs. Can you call your mom? He didn't have the number for his mother. So and he was trying to walk away again. That's when I believe he push my partner and my partner hit him.
> Q:  Excuse me.
> A:  He try to push my partner. He pushed my partner basically and my partner hit him."
> Q.  So it's your testimony today—
> A.  Uh-huh.
> Q.  --that Mr. McLeod pushed your partner?
> A.  Right.

See D175, L22 – D176, L11

This assertion was markedly different than what he had said to during his CCRB interview where he made no mention of Plaintiff attempting to push or otherwise touch Defendant Llano prior to Defendant Llano striking him.

Again, as Judge Weinstein has recognized, "[t]he prohibition against leading is inapplicable to hostile or biased witnesses, or to witnesses who sympathize with the opponent's cause or are unwilling for any other reason to reveal what they know." Id. See Bixby v. KBR, Inc., 09-CV-632, 2012 U.S. Dist. LEXIS 143807, *11 (D. Or. Oct. 4, 2012) ("I interpret the phrase 'a witness identified with an adverse party' as referring to a witness whose relationship to an opposing party is such that the witness' interests vis-a-vis the litigation proceedings in which the witness' testimony is offered can reasonably be expected, under all the applicable circumstances, to be either identical to those of the adverse party or, at minimum, both closely aligned with those of the adverse party and of comparable significance.") (relying on Chonich v. Wayne County

9

Community College, 874 F.2d 359, 368 (6th Cir. 1989), and United States v. Hicks, 748 F.2d 854, 859 (4th Cir. 1984)).

      **C.**     **Conclusion**

Accordingly, Plaintiff should be able to examine Defendant Llano and her partner Police Officer Prinston through the use of leading questions.

Dated:      August 29, 2019
               New York, New York

                 Respectfully submitted,
                 **JOHN PAUL DEVERNA**
                 Counsel for Plaintiff

                 By: JOHN PAUL DEVERNA (JD4332)
                 DEVERNA LAW
                 305 Broadway, 14th Floor,
                 New York, NY 10007
                 212-321-0025 (MAIN)
                 212-321-0024 (FAX)
                 jpd@mynylawyer.com