```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
MALIK MCLEOD,                                                         :      17-CV-6062 (ARR) (SMG)
                                                                      :
                Plaintiff,                                            :      NOT FOR ELECTRONIC
                                                                      :      OR PRINT PUBLICATION
         -against-                                                    :
                                                                      :      OPINION & ORDER
YAHAIRA LLANO,                                                        :
                                                                      :
                Defendant.                                            :
                                                                      :
----------------------------------------------------------------------X
```

ROSS, United States District Judge:

In this excessive force action under 42 U.S.C. § 1983, defendant has moved to seal her motion to adjourn the trial because that document contains "private information regarding [the defendant's] minor child, and details about her personal life that . . . should not be available for public consumption in light of the fact that Officer Llano is a law enforcement officer." Def.'s Mot. to Seal 1, ECF No. 56. I grant defendant's motion in part and deny it in part.

Defendant's motion to adjourn the trial is a judicial document to which a strong presumption of public access attaches both because such motions historically have been public and because they bear on the public's capacity to attend trial. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). I may seal a judicial document only if I determine, based on "specific, on the record findings," that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id*.

Here, the only personally identifiable information about defendant's minor child that could overcome the strong presumption of public access is the month in which defendant gave birth and the child's sex. Defendant's motion is granted insofar as she may redact these facts.

1

Defendant does not, however, articulate why her role as a police officer requires sealing facts regarding the timeline of her maternity leave or her difficulties in arranging child care. These facts are the primary bases for her motion to adjourn her trial, and as such they are highly relevant both to my decision on that issue and to the public's understanding of the motion. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). To the extent defendant invokes the law enforcement privilege to overcome the strong presumption of public access here, where neither an investigation nor a technique is at issue, she must show sealing is necessary "to protect . . . law enforcement personnel." *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988). Defendant does not provide any reason why including these facts on the public docket would endanger her in any way, and I see none.

Accordingly, defendant is directed to electronically file an appropriately redacted motion to adjourn no later than September 18, 2020 at 5:00 P.M.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:   September 18, 2020
         Brooklyn, New York