**DEVERNA LAW**

111 John Street, Suite 1615, New York, New York 10038
T: (212) 321 – 0025, F: (212) 321 – 0024, jpd@mynylawyer.com, www.mynylawyer.com

October 9, 2020

VIA ECF
The Honorable Allyne R. Ross
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>McLeod v. Llano et al.</u>, 1:17-cv-06062 (ARR)(SMG)

Your Honor:

    I am the attorney for the plaintiff, Malik McLeod in the above-referenced matter. I am writing pursuant to the Court's order directing the parties to provide more detailed descriptions of witness testimony and setting out the parties' positions on all disputed documents and the potential testimony of Sergeant Madhu. Additionally, certain issues raised by the parties independent of the Court direction are covered by this letter.

    **I.**     **Plaintiff's Witnesses**

        a. <u>Plaintiff Malik McLeod</u> (case-in-chief)
            i. Mr. McLeod will testify about his encounter and the excessive force utilized against him on the night of the incident. He will testify concerning his life before, during, and after this incident, including the resultant damages.

        b. <u>Latoya Rushion</u> (case-in-chief)
            i. Ms. Rushion is a fact witness that will testify that around the time of the incident Plaintiff was staying at Ms. Rushion's apartment along with Plaintiff's then girlfriend. Further, she will testify that prior to Plaintiff leaving to the store that evening, that she had complained in front of Plaintiff that she had locked her keys in her vehicle (This is the same vehicle that Plaintiff later tried to access when he encountered Defendant Llano and Officer Prinston). Ms. Rushion will testify as to her conversations at the scene, and observations in the immediate aftermath of the incident, as well as the physical injury and emotional injury Plaintiff suffered.

        c. <u>Defendant Yahaira Llano</u> (case-in-chief)
            i. Defendant Llano is expected to testify concerning her encounter with Plaintiff, including her initial observations, conversation with Plaintiff, that she struck Plaintiff, as well after Plaintiff's arrest. Further she is expected to testify to the paperwork and statements that were generated afterward which included false statements and omitted information later offered in defense of her action.

    d. <u>Jean Prinston</u> (case-in-chief)
        i. Officer Prison is expected to testify concerning his encounter with Plaintiff, including his initial observations, conversation with Plaintiff, his observation of Defendant Llano striking Plaintiff, as well after Plaintiff's arrest.  Further he is expected to testify to the paperwork and statements that were generated afterward which included false statements and omitted information later offered in defense of Defendant Llano's action.  He is also expected to testify that he misrepresented facts at subsequent hearings concerning the incident.

    e. <u>Francis Linnie</u> (impeachment/foundation witness in case-in-chief)
        i. Ms. Linnie is an employee of the Kings County District Attorney's Office.  Ms. Linnie will testify that, in the regular course of business, she wrote up Plaintiff's criminal case, including the Complaint Room Screening Sheet, Statement Notice, and Criminal Court Complaint and that she did so after speaking with Defendant Llano.  Ms. Linnie's testimony in this regard will not be necessary if Defendant stipulates to the introduction of the relevant evidence, or the foundation can be laid through the testimony of Defendant Llano or Officer Prinston.  If the evidence is admitted, Ms. Linnie's testimony will only be necessary if Defendant Llano denies their contents.

    f. <u>Eric Rigie</u> (impeachment)
        i. Mr. Rigie works for the Civilian Complaint Review Board and investigated Defendant Llano's misconduct.  Mr. Rigie is expected to testify as to previous statements made by Defendant Llano and Officer Prinston during his investigation.

**II. Plaintiff's Exhibits**
    a. <u>Plaintiff's 5 (P00030, P00031); The Complaint Room Screening Sheet</u>
        i. On the date of Plaintiff's arrest, Defendant Llano spoke with Francis Linnie, a "screener" employed by the Kings County District Attorney's Office that puts together the Complaint Room Screening Sheet.  Preparation of the Complaint Room Screen Sheet is done for every criminal case and is utilized by the prosecutor.  Both Defendant Llano and Ms. Linnie have a duty to provide and record the information accurately.
        ii. The narrative portion provides in pertinent parts, "Deft ran from A/O, the A/O gave chase and apprehended the Deft after appx 5-10 feet."
        iii. The statement section provides the date, time, location of the statement and the substance of the Plaintiff's statements, specifically, "What are you all bother me for, I live right here", "Why am I being placed under arrest", "The Deft asked the A/O and her partner if they could upon the car for the Deft."
        iv. The statements given by Defendant Llano do not include any cursing or belligerence displayed by Plaintiff as was later proffered by Defendant Llano that Plaintiff was "Shouting.  Screaming."  See <u>Plaintiff's 11 (Defendant Llano's CCRB Testimony)</u>, P00353, L24 – P00363, L2.

- v. The Complaint Room Screening Sheet is admissible under the rules of evidence and case law.  See
    1. FRE 402,
    2. Recorded Recollection (FRE 803(6)); <u>United States v. Mendel</u>, 746 F.2d 155, 166 (2d. Cir.1984) (Trustworthy records of regularly conducted activity, including events or diagnoses, are admissible evidence in court, in any form); <u>Saks Int'l, Inc. v. M/V "Export Champion"</u>, 817 F.2d 1011, 1013 (2d Cir. 1987) (Document may be admitted under this rule even though they are records of a business entity other than one of the parties, or the foundation for their receipt is laid by a witness who is not an employee of the entity that owns and prepared them, or the person's first-hand knowledge was the basis of the entry be identified so long as it is the business entity's regular practice).
    3. Records of a Regularly Conducted Activity (FRE 803(8));
    4. Absence of a Record of a Regularly Conducted Activity (FRE 803(7)); <u>Candelaria v. Coughlin</u>, 133 F.3d 906 (2d Cir.1997) (Holding records admissible under FRE 803(7) to show the absence of an event or diagnosis).
    5. An Opposing Party Statement Rule (FRE 801(d)(2); <u>Davis v. City of New York</u>, 959 F Supp 2d 427, 437 (SDNY 2013) ("with regard to the arresting officer's statements to the ADA, Rule 801(d)(2) provides an exception to the rule against hearsay for statements made by an opposing party and offered against that party. Because plaintiffs offer the DP forms [sample of decline to prosecute forms] against the City, and the arresting officers providing information to the ADAs are acting within the scope of their employment by the City, the arresting officers' statements are admissible as party-opponent admissions under Rule 801(d)(2)."); <u>Walsh v. N.Y. City Housing Authority</u>, 828 F.3d 70, 71 (2nd Cir. 2016) (holding that the defendant's employee's statement is admissible under FRE 801(d)(D))because the employee's statement was made within the scope of his relationship with NYCHA); <u>Green v. City of New York</u>, 465 F.3d 65, 77 (2nd Cir. 2006) (holding defendants, city's employee's statement is admissible because 1) the defendant is "a party and spoke within the scope of his employment with another party", another defendant, the city; 2) it is a party's admission against both the employee defendant and the city pursuant to Fed.R.Evid.801(d)(2).

b. <u>Plaintiff's 6 (P00033); 710.30(1)(b) Statement Notice</u>[1]
   i. On the date of Plaintiff's arrest Defendant Llano spoke with Francis Linnie, a "screener" employed by the Kings County District Attorney's Office that puts together the Statement Notice.  Preparation of the Statement Notice is done for every criminal case where a statement is attributed to the Defendant and is

---

[1] If the Court rules Plaintiff's 5 is admissible, Plaintiff will not utilize Plaintiff's 6 as the statements in Plaintiff's 6 are also contained in Plaintiff's 5.

      utilized by the prosecutor.  Both Defendant Llano and Ms. Linnie have a duty to provide and record the information accurately.

   ii. The statement section provides the date, time, location of the statement and the substance of the Plaintiff's statements, specifically, "What are you all bother me for, I live right here", "Why am I being placed under arrest", "The Deft asked the A/O and her partner if they could upon the car for the Deft."

   iii. The statement given by Defendant Llano does not include any cursing or belligerence displayed by Plaintiff as was proffered by Defendant Llano that Plaintiff was "Shouting.  Screaming."   See Plaintiff's 11 (Defendant Llano's CCRB Testimony), P00353, L24 – P00363, L2.

   iv. The Statement Notice is admissible under the rules of evidence and case law. See
1. FRE 402,
2. Recorded Recollection (FRE 803(6)); United States v. Mendel; Saks Int'l, Inc. v. M/V "Export Champion.
3. Records of a Regularly Conducted Activity (FRE 803(8));
4. Absence of a Record of a Regularly Conducted Activity (FRE 803(7)); Candelaria v. Coughlin.
5. An Opposing Party Statement Rule (FRE 801(d)(2); Davis v. City of New York, Walsh v. N.Y. City Housing Authority; Green v. City of New York.

  c. Plaintiff's 7 (P00034, Llano 009-010); Criminal Court Complaint
    i. On the date of Plaintiff's arrest Defendant Llano spoke with Francis Linnie, a "screener" employed by the Kings County District Attorney's Office that puts together the Criminal Court Complaint.  Preparation of the Criminal Court Complaint is done for every criminal case and is utilized by the prosecutor.  Both Defendant Llano and Ms. Linnie have a duty to provide and record the information accurately.

    ii. Defendant Llano signed the Criminal Court Complaint beneath a jurat stating, "False Statements Made in This Document Are Punishable as a Class A Misdemeanor Pursuant to Section 230.45 of the Penal Law."

    iii. The pertinent section provides, "…That Defendant Attempted to Walk Away from the Location as Deponent, in Uniform approached, repeatedly asking the Defendant to Stop. … That Defendant ran from Deponent."

    iv. The Criminal Court Complaint satisfies

    v. The Statement Notice is admissible under the rules of evidence and case law. See
1. FRE 402,
2. Recorded Recollection (FRE 803(6)); United States v. Mendel; Saks Int'l, Inc. v. M/V "Export Champion.
3. Records of a Regularly Conducted Activity (FRE 803(8));
4. Absence of a Record of a Regularly Conducted Activity (FRE 803(7)); Candelaria v. Coughlin.
5. An Opposing Party Statement Rule (FRE 801(d)(2); Davis v. City of New York, Walsh v. N.Y. City Housing Authority; Green v. City of New York.

    d. <u>Plaintiff's 8 (POO23); Sprint Report</u>
        i. Plaintiff will not be utilizing the Sprint Report in his case-in-chief

### III. Ancillary Matters
    a. <u>Captain Shibu Madhu</u> (Defense witness)
        i. Officer Madhu was a named Defendant in the original action. The Defendant plans to call Captain Madhu regarding his observations of the Plaintiff and to specifically have him testify and authenticate the Defendant's Command log entry for April 13th, 2015 (Previously Defendant's H) found on P00137.
        ii. If Defendant proceeds with its stated intention, Plaintiff will be crossing Captain Madhu utilizing the seven substantiated CCRB allegations against him which include: March 2016 Abuse of Authority (Questioning), Abuse of Authority (Search), Abuse of Authority (Frisk); November 2015 Abuse of Authority (Stop); September 2013 Abuse of Authority (Premises Entered And/Or Searched); August 2009 Abuse of Authority (Premises Entered And/Or Searched).
        iii. Additionally, Plaintiff will utilize substantiated IA Affairs 2018-12498 (Not properly supervise the accurate count of narcotics involved); 15-39147 (Improperly Signing Out On the Roll Call at E.O.T)
        iv. Additionally, Captain Madhu is a named Defendant in the following cases which Plaintiff will also utilize in his cross-examination:
            1. <u>Shamel Terrel Williams v. City of New York, et al.</u>, 013256/2014 (Kings County Supreme Court)
            2. <u>Andrew HalJ v. City of New York. et al.</u>, 10-CV-3737 (Eastern District of New York)
            3. <u>Kareem coper v. City of New York, et al.</u>, 12-CV-4521 (Eastern District of New
            4. <u>Terrance Burgeess v. City of New York. et al.</u>, 523191/2016 (Kings County Supreme Court)
            5. <u>Kwesi Ross v. City of New York, et al.</u>, 18-CV-1340 (Eastern District of New York)
            6. <u>Yolanda Gattling v. Mahmudul Bhuiyan, et al.</u>, 15-CV-3761 (Eastern District of New York)
            7. <u>Earl Brown v. ity of New York., et al.</u>, 000914/2014 (Kings County Supreme Court)
        v. The Captain's substantiated allegations of misconduct demonstrates a willingness to put his interest over that of others, including the fact finder. His conduct also demonstrates a serial deviation from accepted police practice and suggests an acceptance of such practices by others. Further, they show a negligence in duty suggesting that any observation of Plaintiff's appearance being "normal" does not carry water.

    b. <u>Officer Jean Prinston</u>
        i. Plaintiff had previously requested all CCRB materials from now Third-Party Defendant City relating to Officer Prinston.  On 9/14/2018, Plaintiff received a response showing only one unsubstantiated complaint (D64) and redacted information.  The City's unredacted information did not include a March 2017 substantiated allegation of Abuse of Authority (Frisk).  <u>See</u> <u>https://projects.propublica.org/nypd-ccrb/officer/9352-jean-prinston</u>.
       ii. On October 7, 2020, immediately after learning of the substantiated allegation, Plaintiff contacted the City.  The City responded that the substantiated allegation is not similar in nature to the allegations raised in this case and therefore will not be providing the information.
      iii. Plaintiff seeks the Court's permission to raise this issue under separate cover considering Plaintiff just discovered the information, its very existence was redacted by the City, the subsequent repeal of Civil Rights Law § 50-a, and its relevance to this trial and Officer Prinston's testimony specifically.

    c. <u>Plaintiff's 4 (P00131-P00133); The Arrest Report</u>
        i. Your Honor has already ruled Plaintiff's 4 is admissible and that the information relating to Plaintiff's warrant be redacted.  Plaintiff and Defendant have agreed to remove the reference to "Drug Used: Marihuana/Hashish" found on P00132 also be redacted.

    d. <u>Plaintiff's 11 (D182-237); Defendant Llano's Testimony at NYPD Administrative Trial</u>
        i. In her Administrative Trial, Defendant Llano references being on restricted duty as a result of her pregnancy found on D183.  Plaintiff and Defendant have agreed to remove the reference.  Further, Plaintiff and Defendant have agreed that any reference to Defendant Llano's pregnancy or child rearing will be kept out of trial.

                              Respectfully submitted,

                              John Paul DeVerna, Esq.
                              Attorney for Mr. McLeod

CC:    Douglas LaBarbera
        *Attorney for Defendant*

        Geoffrey Stannard
        *Attorney for Third-Party Defendant*