# WORTH, LONGWORTH & LONDON, LLP

ATTORNEYS AND COUNSELLORS AT LAW

111 JOHN STREET, SUITE 640
NEW YORK, N.Y. 10038
TELEPHONE: (212) 964-8038
FACSIMILE: (212) 964-8164

October 16, 2020

**VIA ECF**

Hon. Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Malik McLeod v. Yahaira Llano et, al.,
              17-CV-6062 (ARR)(SMG)

Your Honor,

      My firm represents Defendant New York City Police Officer Yahaira Llano ("Officer Llano") in the above-referenced matter. As per Your Honor's Order dated September 22nd, 2020, I write in response and opposition to Plaintiff's Trial Brief (Letter Motion) dated October 9th, 2020. (*see*, ECF Document #66)

## ARGUMENT

### POINT I.

### PLAINTIFF'S EXHIBITS 5, 6 & 7 SHOULD BE PRELCUDED.

      Plaintiff's Exhibit 5, the Complaint Room Screening sheet, Exhibit 6, a statement notice, and Exhibit 7 the Criminal Court Complaint should be precluded as they are irrelevant under FRE 402 and unduly prejudicial under FRE 403. These exhibits are documents that were prepared during Plaintiff's prosecution. As there is only a claim of excessive force remaining, prosecutorial documents that reflect Officer Llano's basis for arresting Plaintiff are not relevant to the objective reasonableness of Officer Llano's use of force. Furthermore, these documents are unduly prejudicial to Officer Llano because they invite speculation by the jury about the lawfulness of Plaintiff's arrest and prosecution which is not at issue. Given the fact that the basis for Plaintiff's arrest, that he had two open warrants, has been precluded, the jury will likely be confused about the basis for the introduction of a document related to Plaintiff's arrest and prosecution and improperly speculate about their lawfulness. If the Court in inclined to admit these documents, Officer Llano would respectfully request the jury be given a limiting

1

instructions that "the lawfulness of Plaintiff's arrest and prosecution are not an issue in this case and you are not to consider it or speculate about it in your deliberations."

Furthermore, regarding Exhibits 5 and 6, Plaintiff offers no information to guide the Court regarding the circumstances of the preparation of the document which lessens its probative value. Plaintiff does not indicate when the document was prepared, whether it was prepared in person, or over the phone, or whether the document was prepared contemporaneous to a conversation with Officer Llano. To the extent Plaintiff offers it as an admission by Officer Llano, Plaintiff has failed to demonstrate these facts which are important in assessing the document's probative value particularly because it is not disputed that the document was not prepared by Officer Llano. As such, it is respectfully submitted that on balance the document should be precluded under FRE 403.

## POINT II.

## PLAINTIFF SHOULD BE PRECLUDED FROM REFERENCING OR INTRODUCING EVIDENCE OF CAPTAIN MADHU AND OFFICER PRINSTON'S OTHER ALLEGATIONS OF MISCONDUCT AND LAWSUITS.

Plaintiff has stated his intention to cross-examine Captain Shibu Madhu on seven substantiated CCRB investigations, one substantiated Internal Affairs Investigation, and seven civil lawsuits to which he was a party. Plaintiff also seeks the Court's intervention regarding other allegations of misconduct against Officer Prinston. For the reasons set forth below, Plaintiff should be precluded from referencing other allegations of misconduct or other civil lawsuits against these non-party witnesses.

Evidence of this other investigations should be deemed inadmissible pursuant to Rule 404(b) of the Federal Rules of Evidence. Under Rule 404(b), evidence of prior bad acts are "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Rather, the only permissible use of such evidence is to prove "motive, opportunity, intent, plan, preparation, knowledge, identity, absence of mistake, or lack of accident." Evidence of Captain Madhu and Officer Prinston's prior bad acts, to wit, any other allegations of misconduct, do not implicate any of the permissible uses of character evidence under Rule 404(b). With specific regard to police cases, the Second Circuit has held that an officer's prior bad acts are only admissible under Rule 404(b) if the acts "share usual characteristics with the act charged or represent a unique scheme." Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991). Plaintiff has not shown that these other allegations of misconduct share any unique characteristics to this case or demonstrate a *modus operandi* or pattern of misconduct. *See*, Banushi v. Police Officer Alvin L. Palmer Shield No. 04009 & Equashia Allen, 2011 U.S. Dist. LEXIS 419, at *7 (E.D.N.Y. Jan. 4, 2011) (*precluding* plaintiff from inquiring into the officers' disciplinary histories since plaintiff failed to show sufficient evidence of a pattern of misconduct.) Captain Madhu will be called to testify for a limited purpose, to confirm what Plaintiff himself admits, that he did not appeared injured in any way when he appeared before the desk, and to explain what he meant by referring to Plaintiff as "apparently normal," in the command log. Plaintiff has failed to show how prior allegations of misconduct relating to

improper stops, questioning, frisks, premises entry, or administrative matters relating to a roll-call "shares any unique characteristics to this case or demonstrates a *modus operandi* or pattern of misconduct." Similarly, it appears Plaintiff seeks to introduce evidence of Officer Prinston's prior allegations of misconduct. According to publicly available sources, Officer Prinston's only substantiated CCRB allegations related to an alleged improper frisk in 2017. Here, there is no allegation before the jury that Plaintiff's detention was unlawful in any manner. As, such Plaintiff has failed to show how that prior allegations amounts to a pattern of misconduct that is unique to this case in any manner. Therefore, any such evidence would be offered for the sole purpose of proving conformity, a clear prohibition under rule 404(b).

Assuming *arguendo* Plaintiff was able to articulate some permissible use for evidence of Captain Madhu or Officer Prinston's other allegations of misconduct investigation under Rule 404(b), any such evidence should be deemed inadmissible under Rule 403 of the Federal Rules of Evidence. Under Rule 403, "the court may exclude any relevant evidence if its probative value is substantially outweighed by … unfair prejudice." "The Supreme Court recently observed, "that the strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing." Id. In Berkovich, 922 F.2d. at 1023, the Second Circuit held that an officer's exoneration of prior CCRB complaints "lessens the probative value of … similar act evidence, tilting the scales further towards a finding of undue prejudice." Plaintiff has not made any showing regarding what became of the substantiated allegations by the CCRB. NYPD Officers have a due process right to a trial before and NYPD Deputy Commissioner for trials if they contest the findings of the CCRB. It may be the case that these allegations of misconduct were contested, and that Captain Madhu and Officer Prinston were ultimately exonerated after trial. Furthermore, the prior allegations of misconduct against non-party witnesses, offer limited probative value which is substantially outweighed by the unfair prejudice that Officer Llano would suffer if admitted. As mentioned above, since Captain Madhu was not present for the use of force at issue, his testimony is limited, and relevant and probative on the issue of Plaintiff's damages. Given the limited nature of his testimony, and the fact that Captain Madhu is not party, it would be unfairly prejudicial to Officer Llano to subject the jury to testimony about irrelevant prior allegations of misconduct against Captain Madhu. Similarly, since Officer Prinston's only prior allegation of misconduct deals with an alleged improper stop, and since the legality of Plaintiff's detention is not at issue, the prior allegations are not relevant and have no probative value which would be substantially outweighed by the undue prejudice Officer Llano would suffer if the jury were to hear about her partner's prior allegations of misconduct.

For the same reasons set forth above, Plaintiff should also be precluded from proffering evidence or eliciting testimony regarding these non-party witnesses' prior or subsequent lawsuits. Courts in this Circuit have applied the same analysis to prior civil lawsuits, finding that the probative value of introducing prior lawsuits is outweighed by the prejudicial effect such evidence could have and its potential to confuse the jury. (*see*, Richmond v. Gen. Nutrition Ctrs., Inc., 2012 U.S. Dist. LEXIS 32070, at *31 (S.D.N.Y. Mar. 9, 2012, *holding*,"the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims.") Since these individuals are not Defendants in this matter, and thus not subject to liability herein, the probative value of any prior or subsequent complaints or lawsuits is extremely low while the prejudicial effect of this

3

evidence is high. The danger of confusion and prejudice clearly outweigh the probative value of any non-party's lawsuit history. As such, this evidence should be also precluded pursuant to Fed. R. Evid. 403.

Finally, Plaintiff should be precluded from using Captain Madhu and Officer Prinston's other allegation of misconduct to cross-examine them at trial because these other allegation of wrongdoing are not probative of credibility. "Under Rule 608(b) [of the Federal Rules of Evidence], the court has discretion to permit or deny a line of inquiry on cross-examination." United States v. Cruz, 894 F.2d 41, 43 (2d Cir. 1990). Although Rule of Evidence 608(b) permits the use of specific instances of conduct to impeach a witnesses' character for truthfulness, "the possibilities for abuse are substantial (therefore) the instances inquired into [must] be probative of truthfulness or its opposite and not remote in time." Advisory Committee Note on F.R.E. 608(b) "The Second Circuit recently held that a CCRB report could not have been probative of a law enforcement witness's truthfulness or untruthfulness where the underlying conduct involved no dishonesty." United States v. Barret, 2012 U.S. Dist. LEXIS 7301, at *6 (E.D.N.Y. Jan. 23, 2012). None of Captain Madhu or Officer Prinston's prior allegations of misconduct involve allegations of conduct that would be probative of truthfulness. Rather, all that could be said about this other allegations of misconduct is that it includes behavior which, at best, "might be improper, immoral, or unlawful" which does not meet the threshold for admissibility under Rule 608. (*see*, United States v. Stone, No. 05 CR 401 (ILG), 2007 U.S. Dist. LEXIS 92093, at *2 (E.D.N.Y. Dec. 14, 2007) ("If all that can be said about behavior is that it might be called improper, immoral, or unlawful . . . asking about it cannot be justified under Fed. R. Ev. 608.") None of the prior allegations of misconduct deal with false or misleading statements, or other types of allegations that are even arguably probative of truthfulness. As such, Plaintiff should be precluded from cross-examining Captain Madhu and Officer Prinston on these prior allegations of misconduct.

## **CONCLUSION**

For the reasons set forth above, Defendant New York City Police Officer Yahaira Llano respectfully requests that the Court enter an Order (1) Precluding Plaintiff's Exhibits 5-7 ; and (2) precluding Plaintiff from referencing, or offering evidence of, Captain Madhu and Officer Prinston's other allegations of misconduct or lawsuits.

I thank the Court for its time and consideration of this matter.

Respectfully Submitted,

_____/s/_____
Douglas LaBarbera (DL 3880)

CC: VIA ECF

*All parties*