UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                            :

MALIK MCLEOD,                            :         17-CV-6062 (ARR) (RLM)
                                              :

               *Plaintiff*,        :         <u>NOT FOR ELECTRONIC</u>
                                             :         <u>OR PRINT PUBLICATION</u>

    -against-                      :
                                             :

YAHAIRA LLANO,                     :         **OPINION & ORDER**
                                             :

              *Defendant*.     :
                                             X
------------------------------------------------------------------- 

ROSS, United States District Judge:

       In anticipation of trial scheduled to begin June 28, 2021, this order resolves various pre-trial issues in this 42 U.S.C. § 1983 action, including motions in limine submitted by both plaintiff, Malik McLeod, and defendant, Officer Yahaira Llano.

       For the following reasons, I:

    (1)     grant defendant's motion to decide the third-party indemnification claim after trial;

    (2)     deny defendant's motion to bifurcate punitive damages;

    (3)     grant defendant's motion to exclude all mention of the investigation performed by the Civilian Complaint Review Board ("CCRB"), the administrative trial performed by the New York City Police Department ("NYPD"), and their respective findings, and deny plaintiff's motion to admit such evidence;

    (4)     deny defendant's motion to categorically exclude the NYPD Patrol Guide and deny plaintiff's motion to admit specified portions of the Patrol Guide;

    (5)     grant plaintiff's motion to preclude references to his previous contacts with law enforcement;

(6)     deny defendant's motion to admit plaintiff's guilty plea to disorderly conduct;

(7)     deny plaintiff's motion to exclude evidence that defendant had heard of car break-ins in the area of the incident;

(8)     deny defendant's motion to preclude the testimony of Latoya Rushion;

(9)     grant plaintiff's motion to ask Officer Jean Prinston leading questions on direct examination;

(10)    deny plaintiff's motion to preclude evidence of awards or commendations as moot;

(11)    grant defendant's motion to admit certain contested documents;

(12)    grant plaintiff's motion to admit certain contested documents;

(13)    deny plaintiff's motion to cross-examine Captain Sidhu Madhu on his disciplinary history;

(14)    grant defendant's motion to preclude evidence of Officer Prinston's disciplinary history; and

(15)    direct defendant to submit revised proposed special interrogatories.

Additionally, I set the following deadlines: (1) any requests to charge the jury or to give limiting instructions are due no later than fourteen days from the date of this opinion; (2) joint redacted versions of defendant's contested exhibits or a letter outlining redaction disputes are due no later than fourteen days from the date of this opinion; and (3) revised special interrogatories are due no later than fourteen days from the date of this opinion.

## BACKGROUND

Plaintiff, Malik McLeod, filed the instant lawsuit on October 17, 2017, alleging, *inter alia*, an excessive force claim against defendant, Officer Yahaira Llano, under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff's claim stems from an April 13, 2015 encounter near 272

2

Pennsylvania Avenue in Brooklyn, New York, in which defendant "punched Plaintiff in the face." Order Mot. Dismiss 2, ECF No. 47. Defendant had also brought claims against Officer Jean Prinston (defendant's partner), then-Lieutenant Sidhu Madhu, and the City of New York, but I dismissed those on March 12, 2019. *Id.* at 5–17.

The parties filed a joint pre-trial order on September 23, 2019. Joint Pre-Trial Order ("JPTO"), ECF No. 50. On the same day, they also filed motions in limine and cross-oppositions. Pl.'s Mot. Lim. ("Pl.'s Mot."), ECF No. 53; Pl.'s Opp'n Mot. Lim. ("Pl.'s Opp'n"), ECF No. 55; Def.'s Mot. Lim. ("Def.'s Mot."), ECF No. 51; Def.'s Opp'n Mot. Lim. ("Def.'s Opp'n"), ECF No. 54. The parties filed supplemental briefs regarding outstanding disputes on October 9, 2020. Pl.'s Suppl. Br., ECF No. 66; Def.'s Suppl. Br., ECF No. 64. They filed supplemental oppositions on October 16, 2020. Pl.'s Suppl. Opp'n, ECF No. 68; Def.'s Suppl. Opp'n, ECF No. 67.

On March 29, 2021, I held a status conference informing the parties that trial had been scheduled to begin June 28, 2021, "unless a criminal trial takes priority for that slot." Minute Entry (Mar. 29, 2021).

## LEGAL STANDARDS

### I.    Motions in Limine

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation and quotation marks omitted). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). In limine rulings are "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984).

## II.    Admissibility

Evidence must be relevant to be admissible at trial. Fed. R. Evid. 402. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401.

I "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In applying Rule 403, I "must make a conscientious assessment of whether" one of the enumerated dangers "substantially outweighs probative value." *United States v. Al-Moayad*, 545 F.3d 139, 160 (2d Cir. 2008) (citation and quotation marks omitted).

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Hearsay is inadmissible if it is offered "to prove the truth of the matter asserted in the statement" and it does not fall into an enumerated exception. Fed. R. Evid. 801(c)(2), 803.

## III.    Impeachment

A criminal conviction sustained in the past ten years that "was punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A). "[F]or any crime [sustained in the past ten years] regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or

the witness's admitting--a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

Further, Rule 608 allows the admission of "[s]pecific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." "[E]xtrinsic evidence is not admissible" for this purpose, but "the court may, on cross-examination, allow" a party to inquire into "specific instances of a witness's conduct . . . if they are probative of the [witness's] character for truthfulness or untruthfulness." Fed. R. Evid. 608(b).

## IV.    Excessive Force

"The Fourth Amendment prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that Amendment's 'reasonableness' standard." *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). "Determining excessiveness requires 'a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Id.* (quoting *Graham*, 490 U.S. at 396 (quotation marks omitted)). This balancing "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. The "'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* "[T]he standard is one of objective reasonableness, and the officer's state of mind, whether evil or benign, is not relevant." *Brown*, 798 F.3d at 100–01 (citing *Graham*, 490 U.S. at 397).

## DISCUSSION

**I.  Trial Plan**

**A.  I will decide defendant's third-party indemnification claim against the City of New York after trial.**

Defendant requests that I decide her third-party indemnification claim against the City of New York after trial, Def.'s Mot. 9–11, and plaintiff does not oppose. Indeed, courts in this district typically take this approach. *See, e.g.*, *Mosca v. City of New York*, No. 17-CV-4327 (SJF) (SIL), 2019 WL 5592855, at *4 (E.D.N.Y. Oct. 30, 2019); *Musso v. City of New York*, No. 05-CV-2511 (RRM) (JO), 2010 WL 11530907, at *4 (E.D.N.Y. Mar. 30, 2010). Accordingly, I grant defendant's motion to decide the third-party indemnification claim after trial. In turn, the caption in the jury instructions should omit defendant's third-party action because "[i]ndemnification is not relevant to any issue before the jury." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 550 (E.D.N.Y. 2011).

**B.  I will not bifurcate punitive damages.**

Defendant seeks to bifurcate punitive damages from the liability determination at trial for two reasons: first, if the jury does not find plaintiff is entitled to punitive damages, it will not need to reach that calculation; and second, defendant would want to introduce evidence of her financial means to factor into the punitive damages calculation. Def.'s. Mot. 11. Plaintiff counters that this separation would be both inefficient and prejudicial. Pl.'s Opp'n 5–7.

Under Federal Rule of Civil Procedure 42(b), I may bifurcate issues at trial "[f]or convenience, to avoid prejudice, or to expedite and economize." This decision lies "firmly within [my] discretion." *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984). "In determining whether to bifurcate, courts in this district consider: (1) whether significant resources would be saved by bifurcating; (2) whether bifurcation will increase juror comprehension; and (3) whether bifurcation

will lead to the repetition of evidence and witnesses." *Falzon v. Johnson*, No. 12-CV-674 (CLP), 2016 WL 11430072, at \*1 (E.D.N.Y. Oct. 24, 2016).

Here, bifurcation would not save significant court resources. In fact, this district has limited time and space to hold safe trials amid the COVID-19 pandemic, and potentially requiring the jury to deliberate a second time could prolong the trial and needlessly push those boundaries. Nor would bifurcation aid juror comprehension, as juries routinely decide punitive damages in § 1983 cases alongside liability. *See, e.g.*, *Jones v. Treubig*, 963 F.3d 214, 219 (2d Cir. 2020). Moreover, the only evidence unique to punitive damages is that of defendant's financial means, which defendant is free to submit during the liability phase of trial. *See Dallas v. Goldberg*, 143 F. Supp. 2d 312, 316 (S.D.N.Y. 2001). Any potential prejudice in doing so can be mitigated through an appropriate limiting instruction, *see id.*, which plaintiff does not oppose, Pl.'s Opp'n 6 n.3. Therefore, I deny defendant's motion to bifurcate punitive damages. Accordingly, any requests to charge relating to the jury's consideration of personal financial evidence shall be served and filed no later than fourteen days from the date of this opinion.

## II. Scope of Evidence at Trial

### A. I will exclude references to the CCRB's investigation and findings and the NYPD's administrative trial.

Plaintiff moves to admit evidence of the CCRB's investigation and findings and the NYPD's administrative trial concerning the incident at issue as public records excepted from the hearsay rule under Rule 803(8). Pl.'s Mot. 5. Defendant moves to exclude this evidence as irrelevant under Rule 402 and unduly prejudicial and misleading to the jury under Rule 403. Def.'s Mot. 2–5. Plaintiff counters that this evidence is "relevant to determinations of credibility" and "will aid the jury in determining the witnesses' testimony." Pl.'s Opp'n 1–2.

As an initial matter, I agree with plaintiff that evidence relating to the CCRB's investigation

and findings and the NYPD's administrative trial is admissible as "factual findings from a legally authorized investigation" under Fed. R. Evid. 803(8)(A)(iii). *See Hill v. City of New York*, No. 03-CV-1283, 2005 WL 3591719 (ARR), at *4 n.1 (E.D.N.Y. Dec. 30, 2005). However, several district courts in this circuit have found such evidence should be excluded under Rule 403 in excessive force cases because it "would confuse the jury by offering conclusions regarding the factual issues the jury was to determine." *Morales v. City of New York*, No. 99-CV-10004 (DLC), 2001 WL 8594, at *6 n.4 (S.D.N.Y. Jan. 2, 2001); *see, e.g.*, *Othman v. Benson*, No. 13-CV-4771 (NGG) (SJB), 2019 WL 1118035, at *6 (E.D.N.Y. Mar. 11, 2019) (precluding evidence of CCRB investigation in excessive force case); *Bermudez v. City of New York*, No. 15-CV-3240 (KAM), 2019 WL 136633, at *6 (E.D.N.Y. Jan. 8, 2019) (same).

I find the same here. In their investigations, the CCRB and the NYPD considered whether the force defendant used on plaintiff violated the standard in the NYPD Patrol Guide of "minimum force necessary." Def.'s Mot. 3–4. This is a lesser standard than the constitutional objective unreasonableness test. This means that the jury, when presented with the same facts, reasonably could reach a different conclusion on liability against the more exacting constitutional standard than the CCRB and NYPD reached against the Patrol Guide standard. Thus, presenting the jury with the CCRB's and NYPD's findings would muddle the standard it is meant to apply and predispose the jury to adopting the same findings. Accordingly, I grant defendant's motion to exclude all mention of the CCRB investigation, the NYPD administrative trial, and their respective findings, and I deny plaintiff's motion to admit such evidence.[1]

---

[1] Nevertheless, sworn statements made to either entity may be used as impeachment evidence, so long as they are redacted appropriately. *See Othman*, 2019 WL 1118035, at *6; *Bermudez*, 2019 WL 136633, at *6.

**B.  I will not categorically preclude the NYPD Patrol Guide, but I decline to admit the portions plaintiff requests.**

Plaintiff moves to admit the following portions of the NYPD Patrol Guide: (i) § 203-11 (Use of Force); (ii) § 212-11 (Stop and Frisk); (iii) § 203-08 (Making False Statements).[2] Pl.'s Mot. 4. Plaintiff claims that "NYPD policies and procedures are relevant in determining how a reasonable NYPD officer would conduct himself under a given set of circumstances." *Id.* Defendant moves to preclude references to any portion of the NYPD Patrol Guide under Rule 402, claiming that "alleged violations of NYPD procedure by Officer Llano are irrelevant to the determination of whether Plaintiff's constitutional rights were violated." Def.'s Mot. 5. In the alternative, defendant argues that the Patrol Guide is "unfairly prejudicial[] and would only confuse the issues and the jury" under Rule 403. *Id.* at 6.

The Second Circuit has rejected defendant's Rule 402 argument "that the Patrol Guide standard is not relevant because the excessive force standard derives from the Constitution," noting that "the Supreme Court . . . [has] considered police regulations of several jurisdictions in making a constitutional ruling on excessive force." *Brown*, 798 F.3d at 101 n.11 (citing *Tennessee v. Garner*, 471 U.S. 1, 18–19 (1985)). And district courts in this circuit have followed suit. *See, e.g.*, *Bermudez*, 2019 WL 136633, at *5 (declining to preclude NYPD Patrol Guide in excessive force case); *see also Gogol v. City of New York*, No. 15-CV-5703 (ER), 2018 WL 4616047, at *4 (S.D.N.Y. Sept. 26, 2018) (same for different § 1983 claim); *Tardif v. City of New York*, No. 13-CV-4056 (KMW), 2017 WL 3634612, at *6 (S.D.N.Y. Aug. 23, 2017) (same); *Nnodimele v. Derienzo*, No. 13-CV-3461 (ARR) (RLM), 2016 WL 3561708, at *14 (E.D.N.Y. June 27, 2016) (same). I join them and deny defendant's motion to categorically exclude the NYPD Patrol Guide

---

[2] Plaintiff enumerates these three sections in his brief, but the JPTO lists only § 203-11 on use of force and § 212-11 on stop and frisk. JPTO 9–10.

under Rule 402.

However, these courts still evaluate whether requested portions of the Patrol Guide are relevant under Rule 402 and admissible under Rule 403. *See, e.g.*, *Bermudez*, 2019 WL 136633, at *5. While plaintiff has shown the Patrol Guide generally is relevant "in determining how a reasonable NYPD officer would conduct himself under a given set of circumstances," Pl.'s Mot. 4, he has not shown that the probative value of the three sections he seeks to admit outweighs the risk of confusing the jury.

Regarding § 203-11 on use of force, defendant argues that Rule 403 mandates excluding this section because "[i]f the jury is presented with [it], it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate defendant['s] alleged unconstitutional actions, notwithstanding a contrary instruction from the Court." Def.'s Mot. 6.  Upon my inspection, the only potentially relevant portion of § 203-11 is the policy's command to "[u]se minimum force necessary"—the standard upon which the NYPD would judge whether defendant had violated the Patrol Guide. *See id.* at 4. As discussed above, this is a less stringent standard than the objective reasonableness test applicable here. Therefore, I find the risk of unfair prejudice outweighs the minimal probative value in admitting this document. Accordingly, I deny plaintiff's motion to admit § 203-11 of the NYPD Patrol Guide and grant defendant's motion insofar as I preclude this document under Rule 403.

Regarding § 212-11 on stop and frisk, defendant objects that this policy is irrelevant under Rule 402 because plaintiff only is pursuing an excessive force claim, not a false arrest or unlawful seizure claim. *Id.* at 6–7. Plaintiff counters that this section shows defendant could have frisked plaintiff if she "reasonably suspect[ed] [she] or others [were] in danger of physical injury." Pl.'s Opp'n 3. Defendant's decision not to frisk plaintiff purportedly reflects her "belief as to the level

of threat (or lack thereof) Mr. McLeod posed." *Id.* at 3–4. While defendant's perception of the threat plaintiff posed may be relevant to qualified immunity, the NYPD policy on stop and frisk does not inform that factual determination. Just because the Patrol Guide may have allowed defendant to frisk plaintiff does not mean she necessarily would have frisked him if she had felt threatened. Given this tenuous connection to the facts of this case, I find § 212-11 both irrelevant under Rule 402 and confusing to the jury under Rule 403. Therefore, I deny plaintiff's motion to admit § 212-11 and grant defendant's motion insofar as I preclude this particular section.

Regarding § 203-08 on making false statements, plaintiff does not assert why this section is relevant, nor do I see any reason why it would be. Thus, I deny plaintiff's motion to admit § 203-08 and grant defendant's motion insofar as I preclude this section as irrelevant under Rule 402.

## C.  I will exclude plaintiff's contacts with law enforcement.

Plaintiff moves to exclude evidence of his prior arrests for fare evasion and the warrants open at the time of the incident. Pl.'s Mot. 2–3. He argues this evidence is unduly prejudicial under Rule 403 and inadmissible under Rules 404, 608, and 609. *Id.* Defendant opposes, claiming she offers this evidence for a proper purpose. Def.'s Opp'n 1–3. Defendant also seeks to admit evidence of plaintiff's guilty plea to disorderly conduct as a result of the incident at issue. *Id.* at 4.

### 1.  Arrests

First, the evidence of plaintiff's prior arrests is inadmissible under Rule 404(b). Under the Second Circuit's "inclusionary approach," "other act evidence" is admissible under Rule 404(b) "for any purpose other than to demonstrate criminal propensity." *United States v. Guang*, 511 F.3d 110, 121 (2d Cir. 2007) (citation omitted). But defendant has failed to identify a proper purpose for the evidence of plaintiff's previous arrests. *See, e.g.*, *Triolo v. Nassau Cnty.*, No. 16-CV-2085

(AKT), 2018 WL 6268845, at *1 (E.D.N.Y. Nov. 30, 2018) (excluding prior arrests in § 1983 case where such evidence did not fit into the Rule 404(b)(2) exceptions). Defendant argues that this evidence is probative of plaintiff's intent as it shows "Plaintiff's furtive actions were motivated by his desire to prevent being taken into police custody since he knew he had an open warrant." Def.'s Opp'n 3. But in an excessive force case, "the plaintiff's state of mind is not at issue." *Lewis v. Velez*, 149 F.R.D. 474, 480 (S.D.N.Y. 1993). For that reason, "prior acts evidence is not admissible on the basis that it is probative of [plaintiff's] intent." *Id.* (precluding evidence of the plaintiff's prison disciplinary history in excessive force case where the defendant sought to introduce it as evidence that the plaintiff initiated the encounter at issue); *see also Joseph v. Deluna*, No. 15-CV-5602 (KMW), 2018 WL 5095668, at *2 (S.D.N.Y. Oct. 19, 2018); *Hartman v. Snelders*, No. 04-CV-1784 (CLP), 2010 WL 11626508, at *8 (E.D.N.Y. Jan. 28, 2010). Thus, plaintiff's prior arrests are inadmissible to show plaintiff's intent under Rule 404(b).

Defendant also argues that prior arrests evidence is needed to explain "why Plaintiff was detained at the police precinct and sent to central booking in lieu of being issued a summons." Def.'s Opp'n 3. But defendant admits that this fact would not be relevant if "the testimony of the parties[] will be limited to the facts up until Officer Llano's use of force." *Id.* Given that the *Graham* test only takes into account "the particular circumstances . . . 'at the moment'" the force was used, *Rogoz v. City of Hartford*, 796 F.3d 236, 247 (2d Cir. 2015) (quoting *Graham*, 490 U.S. at 397), facts relating to plaintiff's subsequent arrest and trip to the police precinct are irrelevant. Accordingly, on the issue of liability, I will limit testimony from the day of the incident to "the facts up until Officer Llano's use of force," Def.'s Opp'n 3, and defendant's Rule 404(b)(2) argument on this basis is moot.

Second, defendant does not appear to dispute that plaintiff's prior arrests are inadmissible

for impeachment purposes. Nor could she. By its plain terms, Rule 609 does not apply to arrests that do not lead to convictions. *See, e.g.*, *Stephen v. Hanley*, No. 03-CV-6226 (KAM) (LB), 2009 WL 1471180, at *8 (E.D.N.Y. May 21, 2009). Additionally, Rule 608 is inapplicable because plaintiff's prior arrests do not bear on his "character for truthfulness." *See, e.g.*, *id.*; *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997). "Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness." *Michelson v. United States*, 335 U.S. 469, 482 (1948); *see also United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980). Thus, I grant plaintiff's motion to preclude references to his previous arrests under Rules 404(b), 608, and 609.

### 2. Warrants

Defendant raises the same Rule 404(b)(2) arguments as to plaintiff's open warrants as she does to plaintiff's prior arrests, but they fail for the same reasons. The open warrants are irrelevant to plaintiff's alleged "furtive actions" because his state of mind is not at issue. Additionally, plaintiff's trip to the police precinct falls outside the timeline of relevant testimony concerning the contested use of force. *See supra*.

Moreover, just as plaintiff's prior arrests are not admissible as impeachment evidence under Rules 608 and 609, neither are open warrants. *Id.*; *see also United States v. Vasquez*, 840 F. Supp. 2d 564, 574 (E.D.N.Y. 2011) (precluding evidence of bench warrants under Rule 608(b)). Thus, I grant plaintiff's motion to preclude references to his open warrants under Rules 404(b), 608, and 609.

### 3. Guilty Plea

Defendant claims plaintiff's guilty plea to disorderly conduct is relevant because it is an "admission" that he engaged in "violent, tumultuous or threatening behavior," which bears on the

reasonableness of the force defendant used. Def.'s Opp'n 4. However, in pleading guilty to NY

Penal Law § 240.20, plaintiff did not allocute to any particular subsection. Status Conference Tr.

35:24–36:3 (Sept. 16, 2020). Therefore, he never admitted to engaging in "violent, tumultuous or

threatening behavior," § 240.20(1), and could just as easily have been admitting to making

"unreasonable noise" or using "obscene language," § 240.20(2)–(3). Admitting any mention of his

guilty plea for this purpose would be misleading to the jury and unfairly prejudicial. *Cf. Stephen*,

2009 WL 1471180, at *4 (finding drug conviction stemming from arrest inadmissible because it

"does not provide insight into whether [the plaintiff] posed a threat to the safety of the defendants

or attempted to evade arrest, and, thus, whether the defendants' use of force was reasonable").

Therefore, I deny defendant's motion to admit plaintiff's guilty plea under Rule 403.[3]

### D.  I will include evidence of defendant's understanding that car break-ins had occurred recently near the site of the incident.

Plaintiff moves to exclude evidence that defendant had heard of several car break-ins in

the area before the incident, claiming such evidence would be prejudicial and would confuse the

jury under Rule 403, and nevertheless is uncorroborated hearsay. Pl.'s Mot. 4. Defendant claims

the probative nature of this evidence outweighs any prejudice because this evidence relates to her

state of mind during the incident and to the totality of the circumstances leading up to the use of

force. Def.'s Opp'n 4–5. She also claims this evidence is not uncorroborated hearsay because

plaintiff's mother-in-law had told the CCRB investigator that her car had been broken into in the

---

[3] Defendant does not indicate whether she will seek to admit plaintiff's guilty plea as impeachment evidence, but I find it would be inadmissible on this basis, as well. Disorderly conduct is a misdemeanor and does not involve dishonesty or false statement. *See Dougherty v. Cnty. of Suffolk*, No. 13-CV-6493 (AKT), 2018 WL 1902336, at *3 (E.D.N.Y. Apr. 20, 2018) (precluding misdemeanor convictions under Rule 609); *Daniels v. Loizzo*, 986 F. Supp. 245, 249 (S.D.N.Y. 1997) (same, including disorderly conduct).

same location where the use of force took place. *Id.*

As an initial matter, plaintiff does not appear to contend that evidence of car break-ins is irrelevant under Rule 402. Rather, he argues that it "would prejudice Mr. McLeod and mislead the jury" because it "would suggest to the jury that Defendant['s] violation of Mr. McLeod's constitutional rights may be excused due to a belief that, notwithstanding [her] misconduct, Defendant[] w[as] justified in [her] behavior." Pl.'s Mot. 4. I disagree. Defendant's understanding of a history of car break-ins in the area of the incident would not automatically sway the jury that defendant's use of force was reasonable. It is merely a factor that a reasonable officer would have to consider if placed in defendant's shoes. Even though this evidence does not hold significant weight, plaintiff's concerns that it would mislead the jury and prejudice plaintiff are outweighed by its relevance to the jury's evaluation of the force used.

I also find that the evidence of car break-ins is not impermissible hearsay. Evidence of car break-ins is not offered to show the area had a history of car break-ins but that defendant understood that to be the case. This understanding appears to have been reasonable, given defendant's testimony to the CCRB that she "had gotten complaints from regular civilians around the area . . . claiming that their cars had been broken into." Def.'s Opp'n 4. Thus, I consider defendant's understanding of previous car break-ins to be part of the "totality of circumstances" she faced in deciding to use force, and I deny plaintiff's motion to preclude this evidence under Rule 403.

### E. I permit plaintiff to call Latoya Rushion as a witness.

Defendant moves to preclude the testimony of plaintiff's mother-in-law, Latoya Rushion, under Federal Rule of Civil Procedure 37(c)(1) because plaintiff only "identified [her] as an individual likely to have discoverable information" on last day of fact discovery, in violation of

Federal Rule of Civil Procedure 26(a)(1). Def.'s Mot. 7–8.

Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 26(a)(1)(A) requires parties, "without awaiting a discovery request," to affirmatively disclose all individuals "likely to have discoverable information" to the "other parties." The decision to preclude testimony under Rule 37 is within my discretion. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). Factors I may consider include: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id.*

Here, I need not determine whether plaintiff violated Rule 26 because I find that any violation was "harmless." Fed. R. Civ. P. 37(c)(1). Even though plaintiff has provided no reason for the late disclosure and Ms. Rushion's testimony only goes to potential damages, defendant will not suffer any prejudice from admitting Ms. Rushion's testimony because I permit her to depose Ms. Rushion before trial. Therefore, I deny defendant's motion to preclude Ms. Rushion's testimony.

### F.  Plaintiff is permitted to ask Officer Prinston leading questions on direct examination.

Plaintiff moves to ask leading questions on direct to both defendant and Officer Prinston, defendant's partner, under Federal Rule of Evidence 611. P's Mot. 7–10. Defendant does not contest that plaintiff may ask her leading questions on direct but argues that it is premature to decide whether to allow the same for Officer Prinston. Def.'s Opp'n 5–7.

Rule 611 allows leading questions on direct exam "when a party calls a hostile witness, an

adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c)(2). Here, Officer Prinston is defendant's partner, witnessed the use of force at issue, and previously was a defendant in this case. Pl.'s Mot. 7. Additionally, plaintiff has shown that Officer Prinston provided inconsistent testimony in the CCRB investigation and the NYPD administrative trial that favored defendant. *Id.* at 9. These facts sufficiently show that Officer Prinston is a "witness identified with an adverse party." *Gogol*, 2018 WL 4616047, at *1 (denying in limine motion to ask the defendant's police partner leading questions in § 1983 case when the partner "[wa]s not named as a defendant and [wa]s not a witness to the events that lead to the arrest"); *see also Ellis v. City of Chicago*, 667 F.2d 606, 613 (7th Cir. 1981) (finding in a § 1983 case that the district court erred in precluding the plaintiff from asking leading questions on direct examination to police officers who "were each present during portions of the incident which gave rise to this lawsuit" and who "had worked closely with [the individual defendant] during the period of their employment").

Therefore, I grant plaintiff's motion to ask both defendant and Officer Prinston leading questions on direct examination.

### G.  I deny plaintiff's motion to preclude evidence of awards or commendations as moot.

Plaintiff seeks to preclude defendant from introducing evidence of "awards and/or commendations" earned by defendant or non-party witnesses. Pl.'s Mot. 6–7. But I deny this motion as moot because defendant states she does not seek to introduce such evidence at trial. Def.'s Opp'n 1 n.1; *see Gogol*, 2018 WL 4616047, at *1.

### H.  I will admit defendant's contested exhibits.

Defendant seeks to admit the NYPD command log from plaintiff's arrest (Exhibit H) and the handwritten copy of defendant's arrest report from plaintiff's arrest (Exhibit J). Def.'s Suppl. Br. 4–5. Plaintiff no longer opposes admitting these documents, "so long as [they are]

appropriately redacted." Pl.'s Suppl. Opp'n 1. Therefore, I grant defendant's motion to admit these documents subject to appropriate redaction. The parties are directed to submit joint redacted versions of these documents or identify further disputes as to the scope of redactions no later than fourteen days from the date of this opinion.

### I.  I will admit plaintiff's contested exhibits.

### 1.  Exhibit 5: Complaint Room Screening Sheet

Plaintiff seeks to admit the Complaint Room Screening Sheet prepared by Francis Linnie, a "screener" employed by the Kings County District Attorney's Office. Pl.'s Suppl. Br. 2. The District Attorney's Office prepares such a sheet "for every criminal case." *Id.* This sheet reflects that defendant informed Ms. Linnie that plaintiff made certain statements before she used force, including "WHAT ARE YOU ALL BOTHERING ME FOR, I LIVE RIGHT HERE." Pl.'s Trial Ex. 5.

While this document is hearsay, I find that it is admissible as an opposing party's statement. Rule 801(d)(2) allows a statement made by an opposing party and "offered against [that] party" if it "(A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy." Defendant's statements to Ms. Linnie meet this test because defendant made the statements herself, and she had a duty to report the facts of plaintiff's arrest accurately. *See Davis v. City of New York*, 959 F. Supp. 2d 427, 437 (S.D.N.Y. 2013) (admitting arresting officer's statements to assistant district attorney under Rule 801(d)(2)).

Nevertheless, defendant argues I should preclude this document as irrelevant under Rule

402 and unduly prejudicial under Rule 403. Def.'s Suppl. Opp'n 1–2. This document clearly is relevant because it includes statements plaintiff made leading up to force being used. These statements are part of the "totality of circumstances" defendant faced that informed her decision to use force.[4] Even so, defendant claims this document would be prejudicial because it would "invite speculation by the jury about the lawfulness of Plaintiff's arrest and prosecution which is not at issue." Def.'s Suppl. Opp'n 1. To the contrary, the statements plaintiff made bear on the reasonableness of defendant's choice to use force. To the extent they call into question defendant's choice to arrest plaintiff, I am willing to include a limiting instruction notifying the jury that the lawfulness of plaintiff's arrest is not at issue. Any requested limiting instructions or charges to the jury on this point shall be served and filed no later than fourteen days from the date of this opinion. Therefore, I grant plaintiff's motion to admit Exhibit 5.

### 2.  Exhibit 6: CPL 710.30(1)(a) Statement Notice

Plaintiff seeks to admit the CPL 710.30(1)(a) Statement Notice prepared by the District Attorney's Office that memorializes the same statements that appear in the Complaint Room Screening Sheet. Pl.'s Suppl. Br. 4. Defendant raises the same objections to this document as she does to the Complaint Room Screening Sheet. Def.'s Suppl. Opp'n 1–2. For the same reasons, the CPL 710.30(1)(a) Statement Notice is admissible, relevant, and not prejudicial to defendant. *See supra*. Therefore, I grant plaintiff's motion to admit Exhibit 6.

---

[4] Defendant's contentions that "Plaintiff does not indicate when the document was prepared, whether it was prepared in person, or over the phone, or whether the document was prepared contemporaneous to a conversation with Officer Llano," Def.'s Suppl. Opp'n 2, are contradicted on the face of the document. The document states Ms. Linnie performed the screening on April 14, 2015 (the day after the incident took place) by "[t]elephone." Pl.'s Trial Ex. 5. It also indicates the form was printed on April 14, 2015, showing it was prepared the same day as the screening interview. *Id.*

### 3. Exhibit 7: Criminal Court Complaint

Plaintiff seeks to admit the Criminal Court Complaint prepared for Mr. McLeod's prosecution that defendant signed on April 14, 2015. Pl.'s Suppl. Br. 4. In this document, defendant described plaintiff's actions at the time she arrested him, including that he attempted to walk away when she approached him. Pl.'s Trial Ex. 7. Defendant raises the same objections to this document as she does to Exhibits 5 and 6. Def.'s Suppl. Opp'n 1–2.

Just like Exhibits 5 and 6, this document is admissible as an opposing party statement under Rule 801(d)(2). Defendant made these statements herself and signed the document, swearing that making false statements in it could be punishable as a Class A Misdemeanor. Pl.'s Trial Ex. 7. Defendant's description of plaintiff's actions preceding her use of force is relevant as part of the totality of circumstances she faced in deciding to use force, and it is not prejudicial because I will give a limiting instruction that the lawfulness of plaintiff's arrest is not at issue.

### J. I preclude plaintiff from raising disciplinary complaints against Captain Madhu on cross-examination.

Defendant intends to call Captain Shibu Madhu, the officer who prepared the command log (defendant's Exhibit H), "to explain what he meant when he noted in the command log that Plaintiff's physical/mental condition was 'apparently normal.'" Def.'s Suppl. Br. 5. Plaintiff seeks to admit on cross-examination several substantiated complaints and several pending civil lawsuits against Captain Madhu under Rule 608(b). Pl.'s Suppl. Br. 5. He claims Captain Madhu's history of misconduct "demonstrates a willingness to put his interest over that of others," "demonstrates a serial deviation from accepted police practice," "suggests an acceptance of such practices by others," and "show[s] a negligence in duty suggesting that any observation of Plaintiff's appearance being 'normal' does not carry water." *Id.* In turn, defendant moves to preclude this evidence under Rules 404(b), 403, and 608(b). Def.'s Suppl. Opp'n 2–4.

I need not decide if Captain Madhu's disciplinary history is admissible under Rule 404(b) because plaintiff only seeks to raise it on cross-examination under Rule 608(b). *Bermudez*, 2019 WL 136633, at *6 ("[O]ther acts not admissible under Rule 404(b) may nevertheless be admissible under Federal Rule of Evidence 608."). While Rule 608(b) allows a party "on cross-examination" to inquire into "specific instances of a witness's conduct . . . if they are probative of the [witness's] character for truthfulness or untruthfulness," "[c]omplaints against officers are not probative of a law enforcement witness's truthfulness or untruthfulness unless the underlying conduct involves dishonesty." *Bryant v. Serebrenik*, No. 15-CV-3762 (ARR) (CLP), 2017 WL 713897, at *2 (E.D.N.Y. Feb. 23, 2017). Plaintiff has not shown that any of Captain Madhu's previous acts underlying his substantiated complaints or prior lawsuits involved dishonesty. Indeed, defendant asserts that "[n]one of the prior allegations of misconduct deal with false or misleading statements, or other types of allegations that are even arguably probative of truthfulness." Def.'s Suppl. Opp'n 4. Thus, I deny plaintiff's motion and grant defendant's motion to preclude plaintiff from raising Captain Madhu's disciplinary history and prior lawsuits on cross-examination.

### K. I preclude plaintiff from admitting the substantiated disciplinary complaint against Officer Prinston.

Plaintiff asserts that the City of New York, the third-party defendant, withheld a substantiated complaint of "Abuse of Authority (Frisk)" against Officer Prinston. Pl.'s Suppl. Br. 6. He asks to raise this issue given "its relevance to this trial and Officer Prinston's testimony specifically." *Id.* In response, defendant moves to preclude this complaint under Rules 404(b), 403, and 608(b). Def.'s Suppl. Opp'n 2–4.

"[T]o establish that evidence [of disciplinary history] is admissible pursuant to Rule 404(b), the party seeking admission must first demonstrate a pattern of relevant conduct that shares unique characteristics." *Bermudez*, 2019 WL 136633, at *7. Here, plaintiff's only claim is one of excessive

force against Officer Llano. He does not challenge the lawfulness of being stopped and questioned by Officers Llano and Prinston, nor did those officers frisk him. Therefore, a substantiated complaint against Officer Prinston concerning a frisk would be inadmissible under Rule 404(b). *See Bryant*, 2017 WL 713897, at *3.

Further, defendant asserts that the substantiated claim against Officer Prinston does not involve "conduct that would be probative of truthfulness," Def.'s Suppl. Opp'n 4, so it is also inadmissible on cross-examination under Rule 608(b).

Therefore, I grant defendant's motion to preclude evidence regarding Officer Prinston's substantiated CCRB complaint.

## III.    Special Interrogatories

Defendant has proposed one special interrogatory for the jury to aid my determination on qualified immunity: "Did Defendant Llano believe, even if mistakenly, that Plaintiff was about to make physical contact with her before she struck him." Def.'s Proposed Special Interrogs., ECF No. 63.

"[I]f there are unresolved factual issues which prevent an early disposition of the defense [of qualified immunity], the jury should decide these issues on special interrogatories." *Jones v. Treubig*, 963 F.3d 214, 225 (2d Cir. 2020) (quoting *Warren v. Dwyer*, 906 F.2d 70, 76 (2d Cir. 1990)). "Special interrogatories are vehicles to allow the jury to resolve 'key factual disputes' bearing on the legal determination of qualified immunity." *Alla v. Verkay*, 979 F. Supp. 2d 349, 370 (E.D.N.Y. 2013) (quoting *Cowan ex rel. Est. of Cooper v. Breen*, 352 F.3d 756, 765 (2d Cir. 2003)). "After receiving *the jury['s] . . . deci[sion as to] what the facts were* that the officer faced or perceived, the court then may make the ultimate legal determination of whether qualified immunity attaches *on those facts.*" *Kerman v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004)

(citation and quotation marks omitted). "'The ultimate legal determination whether . . . a reasonable police officer should have known he acted unlawfully' should be made by the court 'on the facts found' by the jury." *Id.* (quoting *Warren*, 906 F.2d at 76).

"To the extent that a particular finding of fact is essential to a determination by the court that the defendant is entitled to qualified immunity, it is the responsibility of the defendant to request that the jury be asked the pertinent question." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007); *see also Ellis v. La Vecchia*, 567 F. Supp. 2d 601, 609 (S.D.N.Y. 2008) ("Because qualified immunity is an affirmative defense, the defendant bears both the burden of proof and the obligation to request the specific factual interrogatories that would be necessary to enable the court to make the appropriate legal determination."). Where the defendant's conduct is disputed at trial, and "the verdict does not indicate which purported actions of [the] defendant[] were believed to have occurred," the court will be "unable to find that [the] defendant[] w[as] entitled to" qualified immunity unless the jury answers specific interrogatories making their factual findings clear. *Zhiwen Chen v. Cnty. of Suffolk*, 927 F. Supp. 2d 58, 66 (E.D.N.Y. 2013).

Here, defendant's proposed special interrogatory is insufficient to aid me in determining "whether . . . a reasonable police officer should have known he acted unlawfully." *Kerman*, 374 F.3d at 109. Therefore, I direct defendant to submit revised special interrogatories no later than fourteen days after this order is published. Failure to comply with this order, or failure to propose appropriate questions, may result in waiver of qualified immunity as an affirmative defense. *See Alla*, 979 F. Supp. 2d at 370 (declining "to present the proposed interrogatories to the jury because even affirmative responses would have been insufficient to give rise to qualified immunity").

## CONCLUSION

For the foregoing reasons, I (1) grant defendant's motion to decide the third-party

indemnification claim after trial; (2) deny defendant's motion to bifurcate punitive damages; (3) grant defendant's motion to exclude all mention of the CCRB investigation, the NYPD administrative trial, and their respective findings, and deny plaintiff's motion to admit such evidence; (4) deny defendant's motion to categorically exclude the NYPD Patrol Guide and deny plaintiff's motion to admit specified portions of the Patrol Guide; (5) grant plaintiff's motion to preclude references to his previous contacts with law enforcement; (6) deny defendant's motion to admit plaintiff's guilty plea to disorderly conduct; (7) deny plaintiff's motion to exclude evidence that defendant had heard of car break-ins in the area of the incident; (8) deny defendant's motion to preclude the testimony of Latoya Rushion; (9) grant plaintiff's motion to ask Officer Prinston leading questions on direct examination; (10) deny plaintiff's motion to preclude evidence of awards or commendations as moot; (11) grant defendant's motion to admit certain contested documents; (12) grant plaintiff's motion to admit certain contested documents; (13) deny plaintiff's motion to cross-examine Captain Madhu on his disciplinary history; (14) grant defendant's motion to preclude evidence of Officer Prinston's disciplinary history; and (15) direct defendant to submit revised proposed special interrogatories.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:          April 28, 2021
               Brooklyn, New York