UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                                        :

MALIK MCLEOD,                                        :          17-CV-6062 (ARR) (RLM)
                                                                  :
                *Plaintiff*,                        :          <u>NOT FOR ELECTRONIC</u>
                                                                  :          <u>OR PRINT PUBLICATION</u>
    -against-                                       :
                                                                 :
YAHAIRA LLANO,                                  :          **OPINION & ORDER**
                                                                 :
               *Defendant*.                     :
                                                                  X
-------------------------------------------------------------------

ROSS, United States District Judge:

In anticipation of trial scheduled to begin June 28, 2021, this order resolves disputes regarding proposed jury instructions in this 42 U.S.C. § 1983 action. Accordingly, I attach draft revised jury instructions and a draft verdict sheet. The parties are directed to inform the court of any further objections they may have to these documents no later than May 17, 2021.

The parties identified three disputes over proposed substantive jury instructions. First, in describing the objective reasonableness test for excessive force, defendant, Officer Yahaira Llano, objects to the term "excessively violent" in the following sentence: "Force is unnecessary, unreasonable or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances." Proposed Jury Instr. 3, ECF No. 52. Defendant argues the term "excessively violent" "misrepresents the Fourth Amendment objective reasonableness standard." *Id.* at 3 n.3. I agree. The terms "unnecessary" and "unreasonable" sufficiently capture the appropriate standard, and I find no need to include a third, somewhat misleading term. Thus, I will omit "excessively violent."

Second, in the same section of the jury instructions, plaintiff, Malik McLeod, objects to the

following sentence: "You must allow for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 4. He argues that "such language misapprehends what had occurred and tips the subject toward the prejudicial." *Id.* at 4 n.9. Defendant defends the language, arguing that it is derived directly from *Graham v. Connor*, 490 U.S. 386, 397 (1989), which sets out the objective reasonableness test for excessive force. Proposed Jury Instr. at 4 n.8. I agree with defendant that this language is nearly verbatim to that the Supreme Court wrote in *Graham*. *See* 490 U.S. at 396–97 ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."). Thus, I will include this sentence as originally proposed.

Finally, in describing what the jury should do if it finds plaintiff has not proven that defendant used excessive force by a preponderance of the evidence and answers Question 1 on the verdict sheet "No," plaintiff objects to including the phrase "and your deliberations are over." Proposed Jury Instr. 5. Plaintiff claims "such language may tempt the jury to not adequately deliberate Plaintiff's Constitutional claim." *Id.* at 5 n.12. Defendant contends that "[t]he prof[f]erred language is simply included to let the jury know they need not consider damages and the rest of the verdict sheet if they find Officer Llano not liable." *Id.* at 5 n.13. I agree with defendant. The contested phrase is accurate. If the jury answers "No" to Question 1 on its verdict sheet, its deliberations will be over. Moreover, while I imagine the jury may have an interest in avoiding lengthy deliberations, I doubt that the jury would shirk its responsibility to decide the case fairly at the mere mention that their deliberations would end if it found plaintiff did not prove

excessive force. Thus, I decline to omit this contested phrase.

Having resolved these disputes, I attach revised draft jury instructions and a draft verdict sheet. Any objections are due no later than May 17, 2021.

SO ORDERED.

                                                          /s/
                                        Allyne R. Ross
                                        United States District Judge

Dated:        May 3, 2021
                Brooklyn, New York